GREEN *v.* DEARBORN MUNICIPAL COURT

1. AUTOMOBILES—ORDINANCES—PENALTIES—MOTOR VEHICLE CODE—UNIFORMITY PROVISION.

   The motor vehicle code prohibits local units of government from enacting or enforcing a penalty provision that is in conflict with the state statute.

2. CRIMINAL LAW—DRUNK DRIVING—ORDINANCES—PENALTIES—MOTOR VEHICLE CODE—UNIFORMITY PROVISION.

   A city's traffic ordinance providing for a fine of $500 upon conviction of drunk driving was invalid and unenforceable to the extent it conflicted with the state statute providing for a maximum fine of $100, because the state statute requires statewide uniformity; however, the city ordinance was valid and enforceable to the extent that the penalty was within the limits of the state statute (MCLA §§ 257.605, 257.625[b]).

3. CONSTITUTIONAL LAW—ORDINANCES—AUTOMOBILES—PENALTIES—MOTOR VEHICLE CODE—UNIFORMITY PROVISION.

   Penalty provision in a municipal traffic ordinance that exceeds the maximum penalty permitted by the motor vehicle code does not render the entire ordinance unconstitutional (MCLA § 257.605).

4. AUTOMOBILES—MOTOR VEHICLE CODE—UNIFORMITY PROVISION.

   The uniformity provision of the motor vehicle code is a limitation, not a prohibition, upon the authority of local units of government to control their highways and streets (Const 1963, art 7, § 29; MCLA § 257.605).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 7 Am Jur 2d, Automobiles § 15.
[2] 7 Am Jur 2d, Automobiles § 253.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 8865.)   Decided March 24, 1971.

Complaint by Robert D. Green against the Dearborn Municipal Court for superintending control. Writ granted. Defendant appeals. Reversed and remanded with directions.

*John T. McWilliams,* for plaintiff.

*Joseph J. Burtell,* City Attorney, and *Gerald J. Connolly* and *Carl P. Garlow,* Assistant City Attorneys, for defendant.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Quinn, J.   Defendant appeals from the judgment of the circuit court which held chapter 6.1(c) of the official traffic code of Dearborn invalid, unreasonable, and unconstitutional because it conflicts with MCLA § 257.625(b) (Stat Ann 1968 Rev § 9.2325-[2]), and dismissed the prosecution of plaintiff under that ordinance.

Under the ordinance, plaintiff was charged with operating a motor vehicle while under the influence of intoxicants.   His motion to dismiss because the maximum fine under the ordinance exceeded the maximum fine under the statute was denied and trial was set.

Prior to trial, plaintiff filed his complaint for superintending control in the circuit court.   The trial court found that the maximum fine under the ordinance was $500 which conflicted with the maximum

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

fine of $100 under the statute and on the basis of the uniformity provision of the state motor vehicle code, MCLA § 257.605 (Stat Ann 1968 Rev § 9.2305), he held the ordinance unconstitutional and entered the judgment appealed from.

The uniformity provision reads:

"The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of this chapter."

We agree with the trial court that this statute prohibits Dearborn from enacting or enforcing a penalty provision in an ordinance that is in conflict with the state statute. We do not agree that enactment of such a penalty provision makes the entire ordinance unconstitutional.

Const 1963, art 7, § 29, reserves to local units of government the reasonable control of their highways and streets. The statute quoted above recognizes this reservation by the fact of requiring statewide uniformity. If the sole authority to control highways and streets was vested in the state, the uniformity provision would be superfluous. It is a limitation on the authority of local units of government to control their highways and streets, not a prohibition against the exercise of that control.

To the extent that the penalty provision of chapter 6.1(c) of the official traffic code of Dearborn exceeds MCLA § 257.625(b), *supra,* the penalty provision is invalid and unenforceable. Within the penalty limits of MCLA § 257.625(b), the Dearborn traffic code is valid and enforceable.

Reversed and remanded with direction to the circuit court to remand the action to Dearborn Munici-

pal Court for trial. Those provisions of the circuit court judgment not specifically referred to in this opinion are affirmed. No costs are allowed in view of the public question.

All concurred.