CITY OF DEARBORN *v.* DIXIE CARTAGE, INC.

AUTOMOBILES — TRUCKS — WEIGHT ORDINANCES — PENALTIES — STATUTES — UNIFORMITY PROVISION.

> Dismissal of complaints and warrants against defendant lessee of a truck for violating weight ordinances was improper even though the defendant lessee was originally charged with the driver of the truck and the penalty provision of the ordinance as to drivers was invalid under the applicable state statute's uniformity provision where the penalty provision as to lessees in the ordinance was the same as in the applicable state statute (MCLA § 257.724).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 8671.)   Decided March 24, 1971.

Dixie Cartage, Inc., was convicted of two violations of a City of Dearborn ordinance restricting the weight of vehicles on city streets.   Defendant appealed to the Wayne County Circuit Court.   Motion to dismiss complaints and warrants granted. The City of Dearborn appeals.   Reversed and remanded for trial.

*Joseph J. Burtell,* City Attorney, and *Carl P. Garlow,* Assistant City Attorney, for the City of Dearborn.

*Edward Sanders,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobiles and Highway Traffic § 160.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Per Curiam. Although this appeal was consolidated for argument and decision with *Green* v. *Dearborn Municipal Court* (1971), 31 Mich App 591, on the basis that such appeals presented identical questions, our analysis establishes that this is not the fact. Hence, we write separate decisions in each case.

At its inception, June 1968 and April 1969, in Dearborn municipal court, this appeal involved three charges of overweight violations of the municipal ordinance. One charge involved the owner of the vehicle, the lessee thereof (Dixie Cartage, Inc.), and the driver. The other two charges involved the lessee and the drivers. The charges against the owner and the drivers were dismissed by the municipal court. Dixie Cartage, Inc., was found guilty on each charge and was fined according to the graduated scale specified in the ordinance, which scale was the same as that specified in MCLA 1971 Cum Supp § 257.724 (Stat Ann 1971 Cum Supp § 9.2424).

Defendant appealed all three convictions to circuit court. Before trial, defendant moved to quash the complaints and warrants on the basis that the penalty provision of the ordinance with respect to drivers exceeded the penalty provision of the statute with respect to drivers and that the ordinance was invalid under the uniformity provision of the statute, MCLA § 257.605 (Stat Ann 1968 Rev § 9.2305). The trial judge granted the motions to dismiss on this basis and this appeal followed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On the record before the trial court, no driver was involved. The only defendant was the lessee, Dixie Cartage, Inc. With respect to this defendant, the ordinance provisions and the statutory provisions were identical. This being true, we do not reach the other issues raised on appeal, but they are before us in *Green* v. *Dearborn Municipal Court, supra.*

Reversed and remanded for trial but without costs.